**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NANCY L. MALONEY,**

                    **Plaintiff,**              **7:11-cv-782**
                                                **(GLS)**

          **v.**

**MICHAEL J. ASTRUE,** Commissioner of
Social Security,

                    **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Conboy, McKay Law Firm              PETER L. WALTON, ESQ.
Watertown Office
407 Sherman Street
Watertown, NY 13601-9990

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN          JEREMY A. LINDEN
United States Attorney             Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Mary Ann Sloan
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Nancy L. Maloney challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and seeks judicial review under 42 U.S.C. § 405(g). (*See* Compl. at 1-2, Dkt. No. 1.)  After reviewing the administrative record and carefully considering Maloney's arguments, the Commissioner's decision is reversed and remanded for further administrative proceedings.

### II. Background

On October 28, 2008, Maloney filed an application for DIB and SSI under the Social Security Act ("the Act"), alleging disability since September 11, 2008 and May 2, 2006, respectively.  (*See* Tr.[1] at 13.)  After her application was denied, Maloney requested a hearing before an Administrative Law Judge (ALJ), which was held on August 26, 2010.  (*See id.* at 13, 23.)  On September 15, 2010, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's

---

[1]  Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 7.)

denial of review.  (*See id.* at 1-4, 13-22.)

Maloney commenced the present action by filing a complaint on July 11, 2011 wherein she sought review of the Commissioner's determination. (*See* Compl. at 1-2.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (*See* Dkt. Nos. 6, 7.)  Each party, seeking judgment on the pleadings, filed a brief.  (*See* Dkt. Nos. 10, 12.)

## III.  Contents

Maloney contends the Commissioner's decision is not supported by substantial evidence.  Specifically, Maloney claims the ALJ failed: (1) to properly assess the severity of her conditions; (2) to find she suffers from a listing-level intellectual deficit and/or disorder of her cervical spine; (3) to appropriately determine her Residual Function Capacity ("RFC"); and (4) to properly assess her subjective allegations of pain and disabling symptoms. (*See* Dkt. No. 10 at 9-24.)  The Commissioner counters that substantial evidence supports the ALJ's decision.  (*See generally* Dkt. No. 12.)

## IV.  Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations.  (*See* Dkt. No. 10 at 1-8; Dkt. No. 12 at 1-5.)

## V.  Standard of Review

3

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here.  For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

Among other arguments, Maloney avers the ALJ erred at step two by failing to consider and/or discuss her pelvic and left lower quadrant pain. (*See* Dkt. No. 10 at 13.)  Implicitly, the Commissioner concedes that this was an error, but nonetheless argues that the objective medical evidence does not support Maloney's subjective complaints of pelvic and left lower quadrant pain.  (*See* Dkt. No. 12 at 10.)  Despite the lack of objective medical evidence,[2] the ALJ's failure to address either the severity of pelvic and left lower quadrant pain standing alone, or in combination with

---

[2]  Notwithstanding Maloney's claims that her heart condition with chest pain, leg and knee pain, lower back pain, and intellectual deficit are all "severe," (*see* Dkt. No. 10 at 9), the Commissioner aptly notes that the objective medical evidence overwhelmingly supports the ALJ's contrary findings, (*see* Dkt. No. 12 at 8-13).

4

Maloney's other impairments, requires reversal.  *See Dixon v. Shalala*, 54 F.3d 1019, 1030-31 (2d Cir. 1995).  Moreover, since this error occurred at step two, the court cannot address Maloney's remaining contentions as they discuss purported errors at steps three and four.  *See Christiana*, 2008 WL 759076 at *3.  Because the court "cannot be certain whether or not the Commissioner's ultimate conclusion that [Maloney] was not disabled is supported by substantial evidence," the Commissioner's decision is reversed and remanded for further administrative proceedings. *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 16, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court

5